904 F.2d 700
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman Jefferson HUTCHINSON, Plaintiff-Appellant,
v.
TOWN OF ELKTON, Virginia; Warren A. Pence, Defendants-Appellees,
and
Donald Frank Michael, Jr.; Gregory Lee Austin, Defendants.
 No. 89-1008.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 7, 1990.
Decided: May 24, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-87-164-H).
 Janice Lynn Redinger, Gordon & Wyatt, Charlottesville, Va., argued for appellant.
 David Alvin Penrod, Hoover, Hoover, Penrod & Davenport, Harrisonburg, Va., for appellees.
 W.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 WILKINS, Circuit Judge:
 
 
 1
 Herman Jefferson Hutchinson appeals an order of the district court entering judgment for the Town of Elkton, Virginia (the Town), Warren A. Pence, and Donald Frank Michael, Jr., on his claims under 42 U.S.C.A. Sec. 1983 (West 1981). Hutchinson contends that the district court erred by instructing the jury on the defense of good faith or qualified immunity and by directing a verdict for the Town on his claim of municipal liability. We affirm.
 
 I.
 
 2
 At approximately 2:00 a.m. on August 10, 1985, Elkton Chief of Police Warren Pence was on duty with Officers Donald Michael and Gregory Austin. Pence was a passenger in a vehicle driven by Michael, and Austin was alone in a second vehicle. Their attention was drawn to Hutchinson when they observed him spin and squeal his tires and exceed a speed limit of 25 miles per hour. Michael then followed Hutchinson and, by activating his vehicle's emergency lights and siren, signaled for Hutchinson to pull over. Instead of stopping, Hutchinson accelerated and a chase ensured reaching speeds of up to 80 miles per hour. Hutchinson attempted to stop and as a result his vehicle began spinning and struck the front of Michael's police vehicle. Hutchinson's vehicle then proceeded down a grass median that separated two lanes of traffic. Austin, also in pursuit, drove alongside Hutchinson, their vehicles colliding several times. Eventually, Hutchinson swerved back onto the highway, facing east in a westbound lane.
 
 
 3
 The police vehicle occupied by Michael and Pence stopped in front of Hutchinson's vehicle. When Pence exited his vehicle and walked toward Hutchinson's vehicle, Hutchinson backed up and then quickly accelerated forward toward Pence. Reacting, Pence knelt and fired two shots, allegedly aimed at the left rear tire of Hutchinson's vehicle. Pence testified that at the moment he fired Hutchinson dove from his vehicle. Hutchinson contended that before Pence fired he had exited his vehicle to flee and was already several feet away. One of the bullets hit the tire; the other struck Hutchinson in the right forearm.
 
 
 4
 Hutchinson filed this action in district court against Pence, Michael, and Austin alleging that they followed him without articulable suspicion and arrested him without probable cause, in violation of the due process clause of the fourteenth amendment. He also alleged that the use of force by the officers was so excessive that it constituted an unreasonable seizure under the fourth amendment and was so shocking that it violated his due process rights under the fourteenth amendment. Additionally, Hutchinson alleged state law claims of assault and battery and negligence against Pence. Pursuant to a theory of municipal liability, Hutchinson also alleged that the Town was liable for the unreasonable seizure and use of excessive force and for the state law claims.[1] The officers counterclaimed against Hutchinson for assault and battery.
 
 
 5
 The district court entered summary judgment for the officers on Hutchinson's claim that he was arrested without probable cause. Austin was subsequently voluntarily dismissed as a defendant. At the close of Hutchinson's case, the district court granted a directed verdict for the Town.[2] The court also granted a directed verdict for Michael on Hutchinson's constitutional claims regarding the use of excessive force.
 
 
 6
 At the close of all the evidence, Hutchinson voluntarily dismissed the negligence claim against Pence. Thus, the issues considered by the jury were (1) Hutchinson's claims that Pence and Michael followed him without articulable suspicion, that Pence used excessive force in arresting him, and that Pence committed assault and battery against him, and (2) Pence and Michael's counterclaims of assault and battery.
 
 
 7
 In charging the jury, the district court made the following statements regarding the defense of good faith or qualified immunity to Hutchinson's claims of excessive force and following without articulable suspicion:
 
 
 8
 If the defendants in this case reasonably believed that they were acting within the scope of their lawful authority in pursuing and attempting to apprehend the plaintiff and then acted in good faith on the basis of this belief, then their reasonable belief and good faith action would constitute a defense to the plaintiff's claim of unlawful use of force.
 
 
 9
 Hutchinson objected on the ground that this instruction was inappropriate to his claim of excessive force because there was no evidence to support it. This objection echoed Hutchinson's earlier statement to the district court during the charge conference that Pence did not assert that he intentionally shot Hutchinson but was legally justified in doing so, i.e., that he acted in "good faith" entitling him to qualified immunity. Hutchinson argued that under the facts of this case as pled and tried, the good faith defense could conceivably only serve as a defense to his claim of following without articulable suspicion.
 
 
 10
 The jury returned a verdict for Pence and Michael on Hutchinson's claims and for Hutchinson on the officers' counterclaims.
 
 II.
 
 11
 Under its general precepts, the law of qualified immunity provides government officials performing discretionary functions a "shield[ ] from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Somewhat more concretely, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citations omitted). Thus, Pence could avail himself of the shield of qualified immunity if, in light of the clearly established principles governing the use of force, he could reasonably have believed that intentionally shooting Hutchinson was lawful. In other words, if Pence had claimed that he had intentionally shot Hutchinson, his "objective 'good faith' "--that is, whether he could reasonably have believed that the force used was not excessive--would have been relevant to determining whether he was entitled to the affirmative defense of qualified immunity. See Graham v. Connor, 109 S.Ct. 1865, 1873 n. 12 (1989) (emphasis in original).[3]
 
 
 12
 Hutchinson contends that the district court erred in instructing the jury on the defense of qualified immunity because that defense was not raised in the pleadings or at trial. In addition, while acknowledging that qualified immunity could have been a defense to his claim that the officers followed him without articulable suspicion, Hutchinson argues that the instruction is confusing and misleading because it applied the concept of qualified immunity in such a way that the jury could believe that if the officers acted in good faith in following Hutchinson, their "good faith" would also excuse any later use of excessive force.
 
 
 13
 Clearly, the issue of qualified immunity was not raised in the pleadings or at trial.[4] Indeed, Pence seemingly eschewed any reliance on the defense by testifying that he would have had no right to intentionally shoot Hutchinson.
 
 
 14
 We believe, however, that any error in the instruction proves harmless when viewed in the context of the charge as a whole. Long after the invocation of the defense of good faith, the district court explicitly and unequivocally charged the jury the following:
 
 
 15
 If you conclude from the evidence that defendant Pence intended to shoot the plaintiff as he was fleeing his vehicle, this constitutes excessive force as a matter of law and you shall find for the plaintiff and against defendant Pence as to this claim of excessive force after plaintiff left his vehicle. If you do not find that defendant Pence intended to shoot the plaintiff, then you shall find for the defendant Pence as to this claim.
 
 
 16
 In light of this succinct, self-contained expression, and in light of the charge as a whole, we cannot say that the controlling legal principles were inadequately conveyed to the jury or that prejudicial confusion or ambiguity ensued. The test for harmlessness of a nonconstitutional error is whether it can be said "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."[5] Kotteakos v. United States, 328 U.S. 750, 765 (1946); see McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984) ("The harmless-error rules adopted by this Court and Congress embody the principle that courts should ... ignore errors that do not affect the essential fairness of the trial.") (citing Kotteakos); see generally 11 C. Wright & A. Miller, Federal Practice & Procedure Sec. 2883 (1973). Given the explicit guidance present in the excessive force instruction, and the fact that Pence's "good faith" was not argued before the jury by either party's counsel, we conclude that, under these facts, any error in giving the instruction was harmless because it did not "affect the substantial rights of the parties." 28 U.S.C.A. Sec. 2111 (West 1982); Fed.R.Civ.P. 61.[6]
 
 III.
 
 17
 Hutchinson also claims that the district court erred in granting the Town a directed verdict on his claim of municipal liability. However, because the jury verdict which we affirm concluded that Pence's actions were not unconstitutional, no basis exists for holding the Town liable. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (damages may not be awarded against municipality "based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"); Swink v. City of Pagedale, 810 F.2d 791, 794 (8th Cir.), cert. denied, 483 U.S. 1025 (1987) (jury verdict in favor of officers renders plaintiff's assertion that court erred in granting directed verdict for city "academic"). We are aware that because the jury was instructed on the defense of good faith, this case is distinguishable from Heller. Heller, 475 U.S. at 798. Upon close scrutiny, however, the distinction diminishes for any error in the instruction was harmless. Accordingly, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 Although no state law claims were formally pled against the Town, the parties and the district court treated the Town as a defendant for these claims
 
 
 [2]
 The state law claims against the Town were subsequently dismissed
 
 
 [3]
 The proper application of the defense of qualified immunity in claims of excessive force is a question the Supreme Court expressly left open in Graham. See Graham, 109 S.Ct. at 1873 n. 12
 
 
 [4]
 The parties stipulated that the challenged instruction was submitted to counsel by the court. Not before us and consequently not addressed is the issue of whether the instruction was a correct statement of the law
 
 
 [5]
 It is well established that harmless error analysis applies to jury instructions. See, e.g., E.F. Hutton & Co. v. Berns, 682 F.2d 173, 177 (8th Cir.1982); 7 J. Moore & J. Lucas, Moore's Federal Practice Sec. 61-09 (1987)
 
 
 [6]
 In light of this disposition, we need not address Hutchinson's assertion that Pence waived the defense of qualified immunity